UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DUMITRU VLAD, et al.

    Plaintiffs,

v.                                                       Case No. 08-CV-13651

UNITED STATES ATTORNEY GENERAL, et al.

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO REMAND**

Pending before the court is Defendants' "Motion to Remand" this matter to the United States Citizenship and Immigration Service (USCIS) for adjudication. The motion has been fully briefed and the court held a hearing on February 4, 2009. For the reasons stated below, the court will grant Defendants' motion.

**I. BACKGROUND**

Plaintiff Moha Jarrah[1] initiated the naturalization process on April 16, 2007. (Defs.'s Mot. at 1.) On April 23, 2007, the USCIS submitted Jarrah's information to the FBI for a background check, and received results on May 3, 2007. (*Id.* at 2.) The USCIS interviewed Jarrah on October 17, 2007 and performed a fingerprint and Interagency Border Inspection System (IBIS) background check. (*Id.*) The Government contends that its investigation is on-going. (*Id.*)

---

[1] Plaintiff Dumitru Vlad was dismissed via stipulated order on November 21, 2008.

Jarrah, exercising his right under 8 U.S.C. § 1447(b),[2] filed suit in this court on August 22, 2008, seeking to have this court either (1) directly adjudicate his naturalization application, (2) remand the application to the USCIS and require adjudication by an explicit date, or (3) to issue a mandamus to the Federal Bureau of Investigation to compel completion of any outstanding background checks.  (Pls.'s Compl. at 1.)  The Government filed a motion to remand the matter to the USCIS for resolution within a reasonable time.  Jarrah opposes the remand and argues that even if the court chooses to remand the matter, it should impose a date-certain deadline for the USCIS to complete its review.  (Pls.'s Resp. at 8.)  The Government's reply included an affidavit from Supervisory Adjudications Officer Douglas S. Pierce, disclosing that "[Jarrah's] application had not reached the front of the assigned adjudicator's queue until this week," and that the application "will be review[ed] in the next two weeks in order to assess the need for and scope of further investigation."  (Def.'s Reply, Ex. A at 4.)  Finally, at the February 4, 2009 hearing, the Government's counsel informed the court that Jarrah has been scheduled for a second interview on February 18, 2009 and

---

[2] Title 8 of the United States Code, Section 1447(b) provides:

(b)Request for hearing before district court

If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

has been required to provide additional supporting documentation to the USCIS shortly thereafter.

## II.  DISCUSSION

The vast majority of courts, in this district and beyond, recognize the subject-matter jurisdiction of the district courts to consider an applicant's lawsuit, but decline to consider the propriety of the application for citizenship.  *See, e.g.*, *Shendaj v. Dedvukaj*, 543 F. Supp. 2d 724, 728 (E.D. Mich. 2008); *Dukhow v. USCIS*, 542 F. Supp. 2d 673, 677 (E.D. Mich. 2008).  This is because the courts "recognize their lack of experience and the lack of information available to assess whether the plaintiff satisfies the various criteria for naturalization."  *Shendaj*, 543 F. Supp. at 728; *see also Aslam v. Gonzales*, No. 06-614MP, 2006 WL 3749905, *2 (W.D. Wash. Dec. 19, 2006) ("[T]he Court is not equipped to conduct the kind of investigation required to determine whether an applicant presents a risk to national security or public safety.").  Nor does Jarrah direct the court to any case in which a district court has adjudicated an application for citizenship while an investigation is on-going.[3]  As such, while the court recognizes its own subject-matter jurisdiction to consider the application, it will not now adjudicate the application.  Instead, and in recognition of the significant time Jarrah has already spent waiting for a final decision on his application, the court will remand the matter, without prejudice, to the USCIS and instruct the agency to provide a prompt resolution.

---

[3] Further, Jarrah's counsel argued that this court should continue this matter to, in effect, keep pressure on the Government to quickly adjudicate the application.  The court is aware of no legal authority for this type of judicial coercion in the immigration context and counsel, at the February 4, 2009 hearing, was unable to provide such basis.

### III.  CONCLUSION

Accordingly, IT IS ORDERED that Defendants' "Motion to Remand" [Dkt. # 11] is GRANTED.  This matter is REMANDED to the USCIS for a prompt resolution, without prejudice to the right of Plaintiff Jarrah, without further fee or cost, to obtain a stipulation, or in the absence thereof to move, to reopen this litigation and seek further judicial proceedings, provided that such stipulation or motion to reopen may be filed not earlier than **July 6, 2009** nor later than **February 6, 2010**.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  February 9, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 9, 2009, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522